10-4833-cv
Carvajal v. Mihalek

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of December, two thousand eleven.

PRESENT:   JOSEPH M. McLAUGHLIN,
           GUIDO CALABRESI,
           REENA RAGGI,
                      *Circuit Judges.*

-------------------------------------------------------------------------------------
ROBERT CARVAJAL,

                *Plaintiff-Appellant*,

           v.                                     No. 10-4833-cv

DONALD MIHALEK, in his individual and official capacity, THOMAS RIZZA, in his individual capacity,
                *Defendants-Appellees*,

HUGH DUNLEAVY, in his individual and official capacity, TIMOTHY RAYMOND, in his individual and official capacity, DANIEL HUGHES, in his individual capacity, TREVA LAWRENCE, in his individual capacity, JOHN TANI, in his individual capacity, DON MCGEE, in his individual capacity,
                *Defendants*.
-------------------------------------------------------------------------------------

APPEARING FOR APPELLANT:    JAMES B. LEBOW, Esq., New York, New York.

APPEARING FOR APPELLEES:    TARA M. LAMORTE, Assistant United States Attorney (Sarah S. Normand, David S. Jones, Assistant United States Attorneys), *on behalf of* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 23, 2010, is AFFIRMED.

In this <u>Bivens</u> action, plaintiff Robert Carvajal appeals from a judgment entered after trial in favor of defendants Donald Mihalek and Thomas Rizza on claims that each agent used excessive force when he shot Carvajal in the course of executing a search warrant.[1] Carvajal faults the district court's denial of his motions for judgment as a matter of law and to set aside the jury verdict. We review these rulings <u>de novo</u>, applying the same standard as the district court and viewing the facts in the light most favorable to defendants. <u>See</u> <u>Cash v. County of Erie</u>, 654 F.3d 324, 332–33 (2d Cir. 2011). We will set aside the verdict only if there exists such a complete absence of supporting evidence that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of

---

[1] The search yielded evidence of a counterfeiting conspiracy, which used the money produced to purchase narcotics sold for profit. Robert Carvajal pleaded guilty to one count of uttering counterfeit currency, and his brother, Joseph, was convicted after trial of various counterfeiting and narcotics crimes.

2

Carvajal is so overwhelming that reasonable and fair minded persons could not arrive at a verdict against him. See id. at 333. Insofar as Carvajal challenges evidentiary rulings at trial, we review for abuse of discretion and "will reverse only if an erroneous ruling affected a party's substantial rights." Marcic v. Reinauer Transp. Cos., 397 F.3d 120, 124 (2d Cir. 2005). In applying these standards, we assume familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

  1.    Judgment as a Matter of Law

The Fourth Amendment prohibits the use of unreasonable, and therefore excessive, force in the course of performing a search or seizure; force is excessive when its application is objectively unreasonable in light of the facts and circumstances confronting law enforcement officers. See Graham v. Connor, 490 U.S. 386, 395–97 (1989); accord Tracy v. Freshwater, 623 F.3d 90, 96 (2d Cir. 2010). Where, as here, officers use deadly force, their decision is objectively reasonable only if the officers have probable cause to believe from the facts then known to them that the suspect poses a significant threat of death or serious physical injury to the officer or others. See Cowan ex rel. Estate of Cooper v. Breen, 352 F.3d 756, 762 (2d Cir. 2003) (recognizing that use of deadly force often involves "split-second" decisions (internal quotation marks omitted)). Assuming, as we must, that the jury credited defendants' testimony and discredited plaintiff's, the record permitted a reasonable jury to find the requisite probable cause to support defendants' use of deadly force.

Before entering the apartment where they found the Carvajal brothers, Mihalek and

3

Rizza had learned from official records and a confidential informant with direct knowledge that Joseph Carvajal, who lived in or used the apartment to be searched, had three convictions for violent crimes committed with deadly weapons, and was reputed to carry a firearm at all times. Before the shooting, plaintiff and his brother Joseph failed to admit officers who knocked on the door of the apartment, identified themselves as police, and stated that they were in possession of a search warrant. The officers then used a battering ram to gain entry into the apartment, whereupon the brothers ignored the directive, "Police, get down," Trial Tr. 333:12–17, 372:18–19, 495:14–15, and started to move to an adjoining room. At that point, defendant Mihalek saw that plaintiff was holding a firearm and, believing he intended to shoot, Mihalek fired once at Robert Carvajal, striking him, before plaintiff moved out of Mihalek's view. Rizza heard the gunshot, saw a white muzzle flash, and heard someone shouting "shots fired," which led him to believe that the Carvajals had opened fire on the officers. Plaintiff then moved quickly toward Rizza and squared his shoulders. Believing that plaintiff was about to shoot, Rizza fired his weapon and felled Carvajal.

Carvajal counters that no reasonable jury could have credited Mihalek's testimony that plaintiff was holding a firearm because it was uncorroborated. The argument fails because it views the evidence in the light most favorable to plaintiff rather than the defendants, as the law requires. See Zellner v. Summerlin, 494 F.3d 344, 371 (2d Cir. 2007); see also United States v. Florez, 447 F.3d 145, 155 (2d Cir. 2006) (holding that jury's verdict may be supported "by the uncorroborated testimony of even a single accomplice witness" (internal

4

quotation marks omitted)). In any event, although no firearm was recovered in the Carvajals' apartment, Jonathan Wackrow, an officer stationed outside, saw a gun and a printer fall to the ground soon after the shots were fired, and he observed that the only open window on the side of the building from which the items fell belonged to the Carvajals' apartment.[2] Those facts, as well as Mihalek's identification of the recovered firearm as the one Robert Carvajal was holding, corroborate Mihalek's statement that he shot plaintiff because he brandished a gun at the police.

Carvajal's attempt to undermine this corroboration was properly argued to the jury, but we cannot say as a matter of law that the jury was compelled to accept that argument. We similarly reject Carvajal's contention that the jury could not reasonably have credited Rizza's proffered fear that plaintiff would shoot him because Rizza never saw Carvajal holding a weapon. The jury was entitled to credit Rizza's testimony that his range of vision was limited, that events were happening too quickly for him to examine Carvajal thoroughly before firing defensively, and that such firing was a reasonable response to his belief that shouts of "shots fired" referred to action by the Carvajals.

Finally, we are not persuaded by Carvajal's argument that no reasonable jury could have concluded that a warning was not feasible before shots were fired. See Tennessee v. Garner, 471 U.S. 1, 11–12 (1985) (holding that, if officers have probable cause to believe

---

[2] Officer Wackrow's testimony was itself corroborated by the testimony and recorded statements of plaintiff and his brother.

5

suspect poses threat of serious physical harm, "deadly force may be used if necessary to prevent escape, and if, where feasible, some warning has been given"); accord Hemphill v. Schott, 141 F.3d 412, 417 (2d Cir. 1998). First, Carvajal's contention rests on a false premise that no warning was given. In fact, when police entered the apartment, Mihalek, Rizza, and other armed officers repeatedly warned Robert and Joseph Carvajal to "get down," which they disobeyed. Trial Tr. 333:12–17, 372:18–19, 495:14–15. Assuming arguendo that a further warning was required, a reasonable jury could have found that such a warning was not feasible in light of the rapidly evolving scenario in which an armed Robert Carjaval and his reputedly violent brother refused to comply with the "get down" order and appeared to be positioning themselves to use deadly force to resist arrest.

In sum, Carvajal was not entitled to judgment as a matter of law. As the district court correctly observed, the Bivens claim depended on an assessment of the parties' credibility, which a reasonable jury could resolve in favor of defendants. On such a determination, a reasonable jury could conclude from the evidence that defendants' use of force was objectively reasonable and, therefore, consistent with the Fourth Amendment.

2.    Evidentiary Rulings

Defendants contend that we lack jurisdiction to consider Carvajal's challenge to evidentiary rulings because those issues were not identified in plaintiff's notice of appeal. The point merits little discussion because even if we construe the notice of appeal liberally to include Cavajal's challenges to the evidentiary rulings, see Peter F. Gaito Architecture,

LLC v. Simone Dev. Corp., 602 F.3d 57, 62–63 (2d Cir. 2010), plaintiff's arguments fail on the merits.

A.      Settlement Evidence

Carvajal submits that evidence that he settled an automobile accident claim following his arrest for $900,000 should have been excluded as more prejudicial than probative.  See Fed. R. Evid. 403.[3]  We disagree.  The settlement evidence was probative as to the cause of head injuries complained of by Carvajal and not unfairly prejudicial so as to make admission an abuse of discretion.[4]  Nor was the settlement evidence prohibited by Fed. R. Evid. 408, which permits such evidence to be received "for a purpose other than to prove or disprove the validity of the claims that the [agreement was] meant to settle."  Trebor Sportswear Co. v. The Limited Stores, Inc., 865 F.2d 506, 510 (2d Cir. 1989).  Here, the district court did not abuse its "broad" discretion in admitting the settlement evidence for this permissible purpose. Id. at 511.  Defendants did not seek to disprove the validity of the claims Carvajal settled. Rather, they questioned Carvajal about the automobile accident settlement to contest the validity of damages claimed in his Bivens suit.  That use of settlement evidence is not

---

[3] Because the Federal Rules of Evidence "apply to proceedings in United States courts," Fed. R. Evid. 101, we do not consider Carvajal's further argument that admission of settlement evidence violated New York law.

[4] In the car accident case, Carvajal stated that he sustained neurological injuries in that occurrence, not in the shooting, which he described as causing only a "tissue graze."  By contrast, in the Bivens trial, Carvajal testified that the car accident injuries were principally to his ankle.

7

proscribed by Rule 408 and does not upset "the public policy of encouraging settlements and avoiding wasteful litigation" that the rule was designed to further. Id. at 510.

Finally, even if we were to identify error, we would deem it harmless because the jury ultimately decided this case against Carvajal on liability grounds, i.e., it found that neither defendant used excessive force. Any erroneous admission of settlement evidence was irrelevant to that decision and, thus, did not affect Carvajal's "substantial rights." Marcic v. Reinauer Transp. Cos., 397 F.3d at 124.

B.      Preclusion of Nicole Perrotta's Testimony

Carvajal challenges the district court's invocation of estoppel to preclude his girlfriend, Nicole Perrotta, from testifying about the search at issue. Carvajal maintains that the district court precluded Perrotta from testifying even on issues that Judge Hellerstein had not decided against him in the criminal case. The point merits little discussion because any error was harmless.

"Whether an evidentiary error implicates a substantial right depends on the likelihood that the error affected the outcome of the case." United States v. Miller, 626 F.3d 682, 690 (2d Cir. 2010) (internal quotation marks omitted). Although the jury asked to review Perrotta's deposition testimony, which was refused as not in evidence, there is no reason to think that the jury would have altered its findings had Perrotta testified consistent with her deposition.

There was direct and circumstantial evidence that Carvajal was armed when the

8

officers entered his apartment: Mihalek saw him holding a weapon, Wackrow saw a gun fall to the ground outside the apartment building, the only open window belonged to the Carvajals' apartment, and the transcript of a post-arrest call between Robert and Joseph Carvajal suggested that plaintiff had been in possession of the gun and his brother Joseph threw it out the window before surrendering himself. Although Perrotta testified at her deposition that she did not recall Robert Carvajal ever owning a gun, she acknowledged that Joseph Carvajal had kept a firearm in the apartment. Moreover, she testified that she had not been spending much time in the apartment around the time of the shooting, which diminished the reliability of her assertions that it was unlikely for a gun to have been found there. Finally, Perrotta's deposition testimony that plaintiff was asleep when the officers knocked on the door is irrelevant to the reasonableness of the shootings at issue. Whether Carvajal was wide awake or half asleep when the officers forcibly entered the apartment, the fact that he refused to follow a "get down" order while armed with a gun supported defendants' objectively reasonable belief that they confronted a threat to their lives. Because Perrotta's testimony was thus unlikely to affect the jury's reasonableness decision, the district court's exclusion of it was harmless.

3.    Conclusion

We have considered Carvajal's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court